MANUEL A. BARRETO, Petitioner and Appellant, v. DISTRICT COURT OF MAYAGÜEZ, Respondent. FERNANDO R. COLÓN ET AL., Plaintiffs and Appellants, v. MANUEL A. BARRETO, ETC., Defendant and Appellee. MANUEL A. BARRETO, Petitioner, v. FRANCISCO NAVARRO ORTIZ, JUDGE, Respondent.

No. 8447, 8434, and 80. Argued January 21, 1942.—Decided January 29, 1942.

*Enrique Báez García* and *Federico Tilén* for Mr. Barreto in the three cases. *José Sabater, Oscar Souffront,* and *A. Ramírez Silva* for interveners, plaintiffs in the main action (in cases 8447 and 80) and plaintiffs and appellants (in case 8434), petitioners in the motions for contempt in cases Nos. 8447 and 8434.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The questions submitted for determination in the three above-entitled cases are so intimately connected with each other that we have decided to consider them jointly in a single opinion herein.

Acting upon certain charges brought by Zoilo Rivera, Jr., against Fernando R. Colón and José A. Zapata, Commissioners of the Municipal Housing Authority of Mayagüez, Manuel A. Barreto, in his capacity as mayor of said city,

suspended them from their offices until the final determination of the charges, served them with copies of the same, allowed them ten days to file their answers, and advised them that upon such filing a hearing would be held where they could appear personally and assisted by counsel for the taking of the evidence.

Thereupon, the officers in question filed in the District Court of Mayagüez, on September 2, 1941, two petitions directed against the mayor, one for certiorari and another for injunction, both being based on the ground that Barreto was without authority to hear the charges in question, because the ordinance consolidating the offices of mayor and school director, to which respondent had been appointed, is void, as the municipal assembly was without power to effect such consolidation. In the certiorari petition the court was requested to order the sending up of the originals or, if not, certified copies of the minutes of the Municipal Assembly of Mayagüez which contained all the proceedings had in connection with the appointment of Barreto to the office of Mayor and School Director of Mayagüez, and of other specified minutes, for the purpose of reviewing the acts of the respondent in prosecuting and suspending the petitioners from their offices, and finally to sustain the petition, setting aside the acts of the respondent; and that, pending the final determination of the certiorari proceeding, the respondent should be enjoined from taking any further action against the petitioners in connection with the said charges and suspension from office.

The petition for injunction was predicated on the same facts as those alleged in the petition for certiorari. In the former, the court was requested to issue a permanent injunction restraining the defendant, his agents, etc., from further prosecuting said charges, and directing him to vacate the order suspending the plaintiffs from their offices; and, pending a decision as to the permanent injunction sought, to issue an order to show cause why a preliminary injunction

should not be issued restraining the defendant *pendente lite* from executing the above-mentioned act.

In the certiorari proceeding instituted in the lower court as above stated, a writ was issued by said court on the same day, September 2, 1941, also ordering the respondent to refrain from taking any further action in connection with the charges against, or suspension from office of, the petitioners until the final determination of said proceeding, and setting the hearing thereof for the 15th of the same month. After the writ had been served on the respondent, the latter, on September 4, 1941, instituted the present certiorari proceeding in this court by applying to Hon. R. H. Todd, Jr., Acting Judge in Vacation, and prayed that the writ of certiorari issued by the lower court on September 2, 1941, be reviewed and that the same be finally set aside ''as it contained directions that are void, arbitrary, and unlawful issued in excess of the jurisdiction of the court and in contravention of the procedural laws, the Organic Act, and the Municipal Law in force.''

The provisions complained of by the petitioner relate to the stay of the hearing, on the charges, and to that part of the order, setting aside the suspension of the petitioners from their offices as members of the Municipal Housing Authority.

Mr. Justice Todd issued the writ on September 9, 1941, and allowed Colón and Zapata to intervene in order to oppose the petition for certiorari on September 30. On the latter date the hearing of the writ was held with only the appearance of Attorney Ramírez Silva on behalf of the interveners. Briefs were filed by both parties and Mr. Justice Todd rendered an order dismissing the petition and quashing the writ which he had issued. An appeal from that order was taken by Barreto on September 27, 1941, to the full court.

In the meantime the judge of the lower court, after hearing the parties in the injunction proceeding, rendered on September 24, 1941, a lengthy decision denying both the

preliminary and permanent injunctions sought. The plaintiffs Colón and Zapata appealed from said decision to this court on September 29, 1941, and, in aid of the jurisdiction of this court which was still in vacation, they requested and obtained from Mr. Justice Todd, after a hearing of the parties, and the furnishing of a proper bond, a writ of injunction granting relief in the following terms:

" . . .the motion of the defendant seeking to set aside the restraining order is hereby denied, and as the case has been submitted on the merits, for the same reasons, the petition in this case is sustained, and, consequently, the Secretary is directed to issue, upon the furnishing of a bond for $200 by the petitioners, in aid of the jurisdiction of this court in the above-mentioned case No. 8434, a writ or injunction directed to defendant Manuel A. Barreto restraining him, during the pendency of said case No. 8434 and until the further order of the Supreme Court, from taking further action, by himself or through his agents, employees, subordinates, or representatives in the prosecution or determination of the charges preferred against petitioners Fernando R. Colón and José A. Zapata, and likewise from continuing in the meantime their suspension from office."

No appeal was taken from the writ of injunction issued by the acting judge in vacation of this court in aid of its jurisdiction.

The appeal taken from the order of the District Court of Mayagüez denying both the preliminary and the permanent injunctions was, on motion of the respondent, dismissed by this court as being frivolous on the 15th of last month, and on the 13th instant a motion for reconsideration filed by the plaintiffs was denied, the suit for injunction being thus finally decided against the plaintiffs.

After the appeal taken by Zapata and Colón in the proceeding against Barreto had been dismissed on December 15th last, Barreto proceeded, on the 9th instant, to serve these gentlemen with notices of the hearings, on the charges, which were set for the 15th and 16th instant, respectively. The said gentlemen thereupon filed in this court two motions seeking to have Barreto punished as for contempt, by reason

of his disobedience to the order of this court, not only in the appeal respecting the certiorari proceeding which was pending, but also in the writ of injunction which had been issued in aid of the jurisdiction of this court. They alleged in said motions that, as they had requested a reconsideration of the decision of this court in the injunction proceeding, and such request was still undetermined, the same operated to revive the injunction in aid of the jurisdiction, and a violation of the latter constituted contempt. Simultaneously, Colón and Zapata filed another motion in the District Court of Mayagüez requesting that Barreto be punished for contempt on the ground that he had disobeyed the order of that court in the certiorari proceeding, to review which application had been made to the acting judge in vacation of this court by certiorari. The district court made an order within the said certiorari proceeding on the 13th instant directing Barreto to show cause why he should not be punished for contempt, and at the same time enjoining him from proceeding with the hearing of the charges preferred against Colón and Zapata, and the order to show cause was set for hearing on the 19th instant, at 9 a.m.

Alleging that the lower court lacked jurisdiction within the certiorari proceeding to stay the proceedings in regard to the hearing of the charges and to the order of suspension from office, Barreto applied to this court for a writ of prohibition (case No. 80).

In view of these series of proceedings instituted by both parties in this court, the hearing of the appeal in the certiorari case No. 8447 was advanced on the calendar and set, together with the two motions for contempt, for the 21st instant; and at the same time an order was issued to hear the parties as to the propriety of the writ of prohibition, the hearing of all said proceedings being held on the above-mentioned date with the appearance of both parties, who submitted oral arguments thereon.

The matters now to be decided are as follows:

(1) Appeal No. 8447 taken from the order of the acting judge in vacation discharging the writ of certiorari issued to review another writ of certiorari sued out of the lower court;

(2) The propriety or impropriety of the writ of prohibition sought;

(3) The motion for contempt within certiorari proceeding No. 8447; and

(4) The motion for contempt filed in suit for injunction No. 8434, the writ issued in aid of the jurisdiction to be considered as incident to said case No. 8434.

 First question: As we have already stated, in the certiorari proceeding instituted in the lower court, that tribunal issued the writ ordering the sending up of the record of the proceedings taken by the mayor, and of certain minutes of the municipal assembly, and at the same time directing the mayor to refrain from continuing the prosecution of the charges, and from enforcing the order for the suspension from office, pending the determination of the certiorari proceeding. It was this writ which the acting judge in vacation refused to review on certiorari, and from such refusal the appeal in case No. 8447 of this court was taken.

It is clear, and it seems to be so understood by counsel for Barreto, that certiorari does not lie to review a certiorari proceeding where the only action of the court has been to order the sending up of the record sought to be reviewed. Said counsel, however, insist that the acting judge in vacation should have reviewed and set aside that part of the writ issued by the district court wherein Barreto was directed to refrain from continuing the prosecution of the charges as well as from enforcing the order of suspension from office. As the order for sending up the record to the district court could not be reviewed on certiorari, since no final action had

yet been taken by said court, we will confine ourselves to a consideration of the only question that could have been passed upon by the acting judge in vacation, namely, whether within the writ of certiorari issued by the district judge, Barreto could lawfully be directed to stay the order setting a date for the hearing of the charges, and to temporarily set aside the order of suspension from office.

In our judgment, the acting judge in vacation did not commit the error claimed, as the action of the district judge in staying the proceedings commenced by the mayor was in accord with the law. In *Méndez & Co.* v. *District Court,* 57 P.R.R. 829, we said:

"In a certiorari proceeding there are two stages: the first consists in the issuance of the writ directed to the court which must send up the record of the proceedings to be reviewed. This order does not at all prejudge the matter in controversy. Its only purpose is to procure the transmission to the superior court of the record of the case for review. Of course, while it is definitely decided whether or not the writ lies the proceedings in the lower court are stayed for otherwise the remedy might become academic or illusory."

Second question: It having been determined that the Judge of the District Court of Mayagüez had power to order, within the certiorari proceeding, a stay of the prosecution of the charges and the setting aside temporarily of the order of suspension from office, it becomes evident that the writ of prohibition sought does not lie, for, contrary to the allegations made in the petition for the writ, the judge had jurisdiction to act as he did.

Third and fourth questions: At the hearing of the motions for contempt, the respondent satisfactorily explained to this court that he did not mean to disobey its orders. He stated that, as the appeal taken by Colón and Zapata in the injunction proceeding had been dismissed as frivolous on the 15th of last December, and he had not been advised of any attempt to have such decision reconsidered or reviewed, for

which reason he thought that the same had become final (*firme*), and as he was aware of the *quo warranto* proceedings which, in harmony with the opinion of this court in the above-mentioned injunction proceeding, had been instituted by those gentlemen against him in the District Court of Mayagüez, subsequent to the dismissal of the appeal in the injunction proceeding already referred to, he concluded that the aforesaid decision of this court authorized him to continue the proceedings against Colón and Zapata and that the latter would not insist in the further prosecution of the certiorari proceeding, since they had already resorted to the remedy which this court had suggested as the proper one, namely, that of *quo warranto*.

We are satisfied with the explanation given by Barreto, because we are not convinced that his conduct constitutes the wilful disobedience to the orders or decrees of this court referred to in the Law of Contempt.

 Moreover, in the above-mentioned certiorari proceeding instituted before the acting judge in vacation from whose decision an appeal was taken to this court, Barreto could not be convicted of contempt, as all that said judge did in the case was to deny the writ sought. So that there was no order from this court in said proceeding which Barreto was bound to obey.

For the reasons stated the following judgment and orders must be rendered in these cases:

(*a*) Affirming the order made by the acting judge in vacation in the certiorari proceeding No. 8447;

(*b*) Denying the petition for a writ of prohibition (case No. 80);

(*c*) Dismissing the contempt charges against Barreto in the certiorari proceeding No. 8447 as well as in the injunction proceeding No. 8434.

Mr. Justice Todd, Jr., took no part in the decision of case No. 8447.